## Abstract of the Decision.

1. EXECUTION—*when order to appear in supplementary proceedings must be obeyed.* Unless there is an entire absence of jurisdiction in commanding a judgment debtor to appear in supplemental proceedings, the order must be obeyed.

2. EXECUTION—*when judgment debtor may not obtain vacation of order directing supplemental proceedings against him.* A judgment debtor cannot obtain a vacation of an order directing supplemental proceedings against him by showing that the judgment or execution was irregular or erroneous.

---

## Minnie Roedel et al., Plaintiffs in Error, v. Quin O'Brien et al., Defendants in Error.

### Gen. No. 21,541.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed March 20, 1917.

## Statement of the Case.

Suit by Minnie Roedel and others, complainants, against Quin O'Brien, William E. Hatterman, both individually and as executor of the last will and testament of Friedrich Schramm, deceased, William D. Johnson, Elizabeth Stern, Frank Schramm, William Schramm, Herman Schramm, Ella Reetz, Josephine Frech and George F. Gartung, defendants, for an accounting. From a decree dismissing the bill, on demurrer, for multifariousness, plaintiffs bring error.

GRACE F. PETER, for plaintiffs in error.

QUIN O'BRIEN and MUNSON T. CASE, for defendants in error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice McDonald delivered the opinion of the court.

## Abstract of the Decision.

1. Equity, § 146*—*when bill is multifarious.* A bill is multifarious which seeks relief in matters arising out of independent and distinct items, the improper consolidation of which would lead to confusion.

2. Equity, § 146*—*when bill deemed to be multifarious.* The question whether a bill is multifarious depends upon the particular facts of each case and is one resting in the sound discretion of the court.

3. Equity, § 146*—*when bill for accounting is multifarious.* Where proceedings were instituted by certain heirs of a decedent to contest both his marriage and his will, under an agreement between them and a certain attorney that he should receive a certain portion of the property recovered if the proceedings were successful, and such proceedings terminated in a settlement agreement under which such attorney received on behalf of such heirs a certain portion of the property involved which he distributed in part to them, *held* that a bill filed by certain of the heirs against the other heirs and said attorney and the executor of the estate of the decedent and his attorney, seeking an accounting both as to said original agreement under which such proceedings were instituted from said attorney and also as to said settlement agreement under which such proceedings were terminated from the executor and his attorney, was multifarious, as the several claims sought to be litigated by such bill were separate and distinct and had no relation or dependence one on the other.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.